UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────────

UNITED STATES OF AMERICA,

                                  09-CR-329-RJA
                                  DECISION AND ORDER

   v.

THAMUD ELDRIDGE a/k/a Damu,
KEVIN ALLEN, and
GALEN ROSE,

          Defendants.

───────────────────────────────────

## INTRODUCTION

Before the Court is the Government's motion to defer retrial of defendants Thamud Eldridge and Kevin Allen on the unresolved counts of the Indictment until the appeal of their counts of conviction is resolved, and defendant Thamud Eldridge's request to adjourn the trial of Counts 16 and 17 of the Indictment, which is scheduled to begin on January 24, 2017.[1]  (Dkt. Nos. 607, 675)  For the following reasons, the Government's motion to defer retrial of defendants Eldridge and Allen on the unresolved counts of the Indictment is granted and defendant Eldridge's request to adjourn the trial of Counts 16 and 17 of the Indictment is also granted.

## PROCEDURAL HISTORY AND PRIOR PROCEEDINGS

The Indictment charged defendants Thamud Eldridge and Kevin Allen with various offenses including racketeering, racketeering conspiracy, murder in aid of

---

[1] For purposes of the Instant Decision and Order, the Court assumes the parties' familiarity with all prior proceedings, filings, and Decisions in this case.

racketeering, kidnaping in aid of racketeering, Hobbs Act robbery, conspiracy to distribute controlled substances, and various firearms offenses. (Dkt. No. 164)[2] Defendant Eldridge was also charged, in Counts 16 and 17 of the Indictment, with possession and discharge of a firearm in furtherance of drug trafficking and being a felon in possession of a firearm. Counts 16 and 17 arose from an incident during which defendant Eldridge allegedly fired shots at City of Buffalo Police Officer Joy Jermain. Defendant Galen Rose was charged in the Indictment with possession with intent to distribute marijuana, conspiracy to distribute marijuana, Hobbs Act robbery, and discharge of a firearm causing death. On January 7, 2016, shortly before the trial in this case was scheduled to begin, the Court issued a Decision and Order that, *inter alia*, severed Counts 16 and 17 from the remainder of the Indictment. (Dkt. No. 530) The primary reasons for the severance included the Court's finding that Assistant United States Attorney ("AUSA") Joseph Tripi, the lead prosecutor in the case, may have relevant testimony with respect to Counts 16 and 17 (hereinafter referred to as the "Severed Counts"), and that an immediate trial as to the remaining counts of the Indictment was necessary due to the age of the case and the amount of time defendants had spent in pretrial detention. *Id*.

A trial of defendants Eldridge, Allen and Rose on Count 1 through Count 15 of the Indictment commenced on January 13, 2016. On February 24, 2016, the jury returned guilty verdicts on a number of counts as to defendants Eldridge, Allen and

---

[2] A fourth defendant named in the Indictment, Kashika Speed, entered into a plea agreement with the Government on June 16, 2014. On October 2, 2014, defendant Speed was sentenced by the Court to a period of incarceration of 192 months.

Rose. However, the jury was unable to reach a verdict on the remaining counts, and was thereafter discharged. The unresolved counts pertaining to defendant Eldridge include: Count 11 (Hobbs Act robbery of Thedrus Laster); Count 12 (discharge of a firearm causing the death of Thedrus Laster); Count 13 (murder of Sam Jones, Jr. in aid of racketeering); Count 14 (Hobbs Act robbery of Sam Jones, Jr.); and Count 15 (discharge of a firearm causing the death of Sam Jones, Jr.). The unresolved counts as to defendant Allen include: Counts 5 through 7 (kidnaping of Woodie Johnson in aid of racketeering, Hobbs Act robbery of Woodie Johnson, and possession and brandishing of a firearm in the course of kidnaping and robbing Woodie Johnson); and Counts 13 through 15 (murder of Sam Jones, Jr. in aid of racketeering, Hobbs Act robbery of Sam Jones, Jr. and discharge of a firearm causing the death of Sam Jones, Jr.) (the unresolved counts as to both defendants Eldridge and Allen are hereinafter referred to as the "Unresolved Counts").[3]

On March 18, 2016, the Government moved to defer retrial of defendants Eldridge and Allen as to the Unresolved Counts until resolution of the appeal of the counts of conviction. (Dkt. No. 607) The Government asserted that "based upon the lengthy prison sentences and mandatory minimum sentences associated with the

---

[3] The unresolved counts pertaining to Galen Rose included: Count 11 (Hobbs Act robbery of Thedrus Laster) and Count 12 (discharge of a firearm causing the death of Thedrus Laster). However, on June 29, 2016 the Government and Galen Rose entered into a Stipulation whereby defendant agreed to waive his right to appeal his convictions as to Count 8 and Count 9, and that the relevant conduct proven during the trial established the basis for an aggregate sentence of ten (10) years imprisonment as to those counts. Defendant Rose and the Government further agreed to waive their right to appeal an aggregate sentence of 120 months for the convictions of Counts 8 and 9. In exchange, the Government agreed to dismiss Count 11 (Hobbs Act robbery) as to defendant Rose with prejudice and to dismiss Count 12 (discharge of a firearm causing death) without prejudice. Defendant Rose is scheduled to be sentenced by the Court on October 6, 2016.

counts of conviction as to defendants Thamud Eldridge and Kevin Allen, the Government does not intend to retry...the unresolved counts if the counts of conviction are affirmed on appeal." (Dkt. No. 607, pg. 4)  Specifically, the Government requested that the Court: (1) hold the Unresolved Counts in abeyance pending the resolution of the appeal of the counts of conviction; (2) grant a mistrial on the Unresolved Counts and move forward with sentencing defendants Eldridge and Allen on the counts of conviction; and (3) exclude the time from the Speedy Trial Act clock as to the Unresolved Counts in the interest of justice pursuant to Title 18, United States Code, Section 3161(h)(7)(A).  (Dkt. No. 607)

On April 7, 2016, defendant Eldridge filed a response to the Government's motion.  (Dkt. No. 619)  He opposed the Government's request to delay a retrial of the Unresolved Counts pertaining to him pending the outcome of the appeal of his counts of conviction.  *Id*.  A few days later, on April 11, 2016, defendant Eldridge's trial counsel, David R. Addelman, Esq., filed a motion to withdraw from the case.  (Dkt. No. 620)  Mr. Addelman indicated that during the trial defendant Eldridge made a statement on the record expressing concerns with his defense and specifically that he believed Mr. Addelman was unprepared because Mr. Addelman was assigned a year prior to trial and a number of years after the case was indicted.[4]  *Id*.  Mr. Addelman indicated, upon information and belief, that he believed Eldridge intended to argue, on appeal, ineffective assistance of counsel during the trial.  *Id*.  On May 18, 2016, the Court

---

[4] Defendant Eldridge's prior counsel, Angelo Musitano, Esq., became unavailable to continue representing defendant in January 2015.  On February 20, 2015, the Court assigned Mr. Addelman to represent defendant.

granted Mr. Addelman's motion to withdraw, and assigned Kevin Spitler, Esq., to assume representation of defendant Eldridge. At that time, the Court granted Mr. Spitler's request for a four-month extension of time to file post-verdict motions due to his demanding upcoming trial calendar. The Court also scheduled a status conference for Mr. Spitler to report back as to his position on the Government's motion to defer trial of the Unresolved Counts.

A status conference was held on June 29, 2016. A timeline for Rule 29 and Rule 33 motions was discussed. It was agreed by all parties that because of the withdrawal of Eldridge's previous counsel, his new counsel's trial schedule, the complexity of the case, and the need for new counsel to review the entire record and trial transcript and confer with both Allen's counsel and Eldridge's previous counsel, defense post-trial motions would be due January 17, 2017, Government responses would be due February 6, 2017, and replies would be due February 20, 2017. Oral argument was scheduled for March 10, 2017. Also during the June 29, 2016 status conference, defendant Allen agreed to the Government's motion to hold the Unresolved Counts in abeyance until after the appeal of the counts of conviction is resolved. Defendant Allen also agreed to exclude Speedy Trial Act time until resolution of the appeal. In light of the fact that defendant Eldridge's counsel was still new to the case and had not yet reviewed the record in its entirety, another status conference was scheduled for counsel to report back as to defendant Eldridge's position on the Government's motion to defer trial of the Unresolved Counts. The Government requested, and the Court agreed, that Speedy Trial Act time would be excluded through March 10, 2017, since defense counsel would be using that time to prepare motions, prepare for sentencing on the

counts of conviction and prepare for retrial in the event that one was necessary.

At a status conference on July 29, 2016, counsel for defendant Eldridge indicated that instead of waiting for the resolution of the appeal of the counts of conviction, defendant sought to move forward promptly with a trial as to both the Unresolved Counts and the Severed Counts. After some discussion, it was agreed that the Severed Counts should be tried first, since the trial would be shorter and would not necessitate that Eldridge's new counsel review all of the previous trial transcripts. Based upon Mr. Spitler's trial calendar, and with agreement of the parties, a trial date of January 24, 2017 was selected for the Severed Counts. A further status conference was scheduled for August 5, 2016, so as to discuss the trial date in the presence of defendant Eldridge.

On August 5, 2016, the parties, including defendant Eldridge, appeared to discuss the trial of the Severed Counts. At that time, defendant Eldridge indicated, through his attorney, that he no longer wished to move forward with a trial of the Severed Counts on January 24, 2017. Because he did not wish to put his family through two additional trials, defendant Eldridge requested that the Court return to its previously planned course of action, and specifically wait until the resolution of post-trial motions and any appeals to the Second Circuit before scheduling a joint trial for both the Unresolved Counts and the Severed Counts. The Government opposed this request and indicated that it wanted to move forward with the trial of the Severed Counts on the date of January 24, 2017. The Court reserved decision.

**DISCUSSION**

*Motion to Defer Trial of Unresolved Counts*

The Second Circuit's jurisdiction extends to appeals from "all final decisions of the district courts." 28 U.S.C. §1291. Further, the Supreme Court has instructed that "final judgment in a criminal case means sentence." *United States v. Abrams*, 137 F.3d 704, 707 (1998); *accord Berman v. United States*, 302 U.S. 211, 212-13 (1937). In *Abrams*, the Second Circuit explained that it has, at times, rendered a decision on an appeal from a conviction and sentence on certain counts of an indictment even though other counts tried in the same trial remain unresolved as a result of a mistrial. 137 F.3d at 707. The *Abrams* Court explained that "[a]lthough the litigation as framed in the indictment may not yet have run its course, the counts of conviction have been resolved and the sentence is ready for execution...[t]he unresolved counts have in effect been severed, and will be resolved another time in a separate judgment." *Id*.

In the interest of judicial economy and based upon the agreement of the Government and defendants Eldridge and Allen, the Court grants the Government's motion to defer trial of the Unresolved Counts of the Indictment until the counts of conviction have been fully resolved. Based upon the case law just cited, and in the event that defendants' post-trial motions are denied, the Court may proceed with sentencing defendant Eldridge and defendant Allen on the counts of conviction and those judgments may then be appealed to the Second Circuit. The Government has represented that if the counts of conviction, which have the potential to carry long prison sentences, are affirmed by the Second Circuit, they may not seek a retrial as to the

Unresolved Counts for either defendant Eldridge or defendant Allen. Thus, deferring a retrial has the potential to benefit the defendants, who may never face potential conviction as to the Unresolved Counts, as well as the Government and the public by saving the time and expense of another lengthy trial. Moreover, because both defendants have been convicted of a number of counts which carry penalties of incarceration, defendants are no longer in pretrial detention. Finally, both defendant Eldridge and defendant Allen have consented to the Government's motion and therefore are not demanding an immediate trial as to the Unresolved Counts. For all of these reasons, the Court finds that it is appropriate to defer the retrial of the Unresolved Counts until the counts of conviction have been resolved through post-trial motions and any subsequent appeals.

Upon request from the Government and after hearing from defendant Eldridge and defendant Allen, the Court declares a mistrial as to the Unresolved Counts. *See* Fed. R. Crim. P. 26.3; *Arizona v. Washington*, 434 U.S. 497, 508 (1978) (hung jury is "classic basis" for declaring mistrial). With respect to the Speedy Trial Act clock, in the event of a mistrial, a retrial must start 70 days from the date that "the action occasioning the retrial becomes final." *See* 18 U.S.C. §3161(e). In *United States v. Rivera*, the Second Circuit found that the "action occasioning the retrial" was the district court's order of mistrial. 844 F.2d 916, 919 (2d Cir. 1988). In addition, based upon the agreement of the parties and because deferring a retrial here will benefit the defendants in that they may not be retried and the Government and the public in that it may save the time and expense of another trial, the Court finds that time is further excluded from the Speedy Trial Act clock pursuant to Section 3161(h)(7)(A) of Title 18 of the United

States Code through January 17, 2017.[5]

*Trial of Severed Counts*

As stated above, a trial of the Severed Counts, which involves only defendant Eldridge, was scheduled for January 24, 2017. However, defendant Eldridge recently informed the Court, through his counsel, that he seeks an adjournment of that trial date and would prefer to stand trial for the Severed Counts together with the Unresolved Counts, in the event that the Government ultimately intends to move forward an all outstanding counts. His primary justification for this request is that he does not want his family to suffer through two separate trials, and his counsel argues that judicial economy favors combining the trials. The Government opposes the request for an adjournment.

Trial courts have "broad discretion" in both civil and criminal cases to grant or deny adjournments. *Morris v. Slappy,* 461 U.S. 1, 11 (1983). Here, the Court is in agreement with defendant Eldridge that it is illogical to proceed on two separate tracks. The Unresolved Counts and the Severed Counts are part of the same Indictment. The Government may seek to retry the Unresolved Counts in the future, depending upon the outcome of defendants' post-trial motions and appeals. Indeed, in the interest of judicial economy and conserving Government resources, the trials of the Unresolved Counts and the Severed Counts should be combined. Likewise, if the counts of conviction are affirmed and defendant Eldridge is sentenced to a lengthy term of

---

[5] January 17, 2017 is the date for the filing of post-trial motions as to the counts of conviction. At that time, time may be further excluded from the Speedy Trial Act clock for purposes of determination of those motions and/or an appeal to the Second Circuit.

imprisonment, the Government may elect not to retry either the Unresolved Counts or the Severed Counts. Thus, waiting for a final resolution of the counts of conviction before proceeding as to either the Unresolved Counts or the Severed Counts may save defendant, the Government, and the Court, the time, energy and expense of any additional trial. In the event that a trial occurs and in the event the Court orders Mr. Tripi to appear as a witness, Assistant United States Attorney Megan Tokash, who served as second chair during the initial trial, is certainly capable of trying the case.[6] Indeed, there has been no showing that either the Government or defendant Eldridge would suffer prejudice from a joint trial of the Unresolved Counts and Severed Counts. *See United States v. Panza*, 750 F.2d 1141, 1149 (2d Cir. 1984) (explaining that prejudice must be "sufficiently severe to outweigh the judicial economy that would be realized by avoiding multiple lengthy trials"). Finally, as previously stated, defendant Eldridge has not requested an immediate trial, and this is not a situation where he is detained only because the Severed Counts remain unresolved. In fact, defendant Eldridge has already been convicted, following a jury trial, of a number of counts in the Indictment and is facing a substantial term of incarceration. For all of these reasons, the Court grants defendant Eldridge's request to adjourn the trial of the Severed Counts.

In addition, deferring a trial of the Severed Counts will benefit defendant Eldridge in that he will only face one additional trial as opposed to two, and there is a possibility that the Government may not seek to try the Severed Counts at all. Deferring a trial of

---

[6] During the status conference on August 5, 2016, the Government indicated that Ms. Tokash will likely serve as first chair during both potential trials.

the Severed Counts will also benefit the Government and the public in that it will save the time and expense of at least one if not two additional trials.  Therefore, the Court finds that time to try the Severed Counts is also excluded from the Speedy Trial Act clock pursuant to Section 3161(h)(7)(A) of Title 18 of the United States Code through January 17, 2017.

## CONCLUSION

For the foregoing reasons, the Government's motion to defer retrial of the Unresolved Counts is granted, and defendant Eldridge's request to adjourn the January 24, 2017 trial of the Severed Counts is granted.  Also for the reasons stated above, time is excluded from the Speedy Trial Act clock with respect to the Unresolved Counts and the Severed Counts through January 17, 2017.

SO ORDERED.

                                      *Richard J. Arcara*
                            HONORABLE RICHARD J. ARCARA
                            UNITED STATES DISTRICT COURT

Dated:   October 4, 2016