UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,                    1:09-CR-329 RJA

                                                                  DECISION AND
                                                                  ORDER
     v.

THAMUD ELDRIDGE,

              Defendant.

_____

## INTRODUCTION

Before the Court is defendant Thamud Eldridge's request for a trial date as to the outstanding Counts of the Indictment as well as defendant's motion to dismiss Counts 16 and 17 of the Indictment on speedy trial grounds.[1]  (Dkt. No. 843)  For the following reasons, defendant's request for the immediate scheduling of a trial denied, and his motion to dismiss Counts 16 and 17 of the Indictment is denied without prejudice.

## PROCEDURAL HISTORY AND PRIOR PROCEEDINGS

The Indictment charged defendant Thamud Eldridge with racketeering, racketeering conspiracy, murder in aid of racketeering, kidnapping in aid of racketeering, Hobbs Act robbery, conspiracy to distribute controlled substances, and various firearms offenses.  (Dkt. No. 164)  Eldridge was also charged, in Counts 16 and 17, with possession and discharge of a firearm in furtherance of drug trafficking and being a felon in possession of a firearm.  Counts 16 and 17 arose from an incident during which Eldridge allegedly fired shots at City of Buffalo Police Officer Joy Jermain.  On January

---

[1] For purposes of the instant Decision and Order, the Court assumes the parties' familiarities with all prior proceedings, filings, and Decisions in this case.

7, 2016, shortly before the trial in this case was scheduled to begin, the Court severed Counts 16 and 17 from the remainder of the Indictment. (Dkt. No. 530)  The primary reasons for the severance included the Court's finding that Assistant United States Attorney Joseph Tripi, the lead prosecutor in the case, may have relevant testimony with respect to Counts 16 and 17 (hereinafter referred to as the "Severed Counts"), and that an immediate trial as to the remaining counts of the Indictment was necessary due to the age of the case and the amount of time defendant had spent in pretrial detention.  *Id.*

A trial of defendant Eldridge on Counts 1 through 15 of the Indictment commenced on January 13, 2016.  On February 24, 2016, the jury returned guilty verdicts on a number of counts.  However, the jury was unable to reach a verdict on the remaining counts, and was thereafter discharged.  The unresolved counts pertaining to defendant Eldridge include: Count 11 (Hobbs Act robbery of Thedrus Laster); Count 12 (discharge of a firearm causing the death of Thedrus Laster); Count 13 (murder of Sam Jones, Jr. in aid of racketeering); Count 14 (Hobbs Act robbery of Sam Jones, Jr.); and Count 15 (discharge of a firearm causing the death of Sam Jones, Jr.) (hereinafter referred to as the "Unresolved Counts").  On March 18, 2016, the Government moved to defer retrial of defendant as to the Unresolved Counts until resolution of the appeal of the counts of conviction.  (Dkt. No. 607)  The Government asserted that "based upon the lengthy prison sentences and mandatory minimum sentences associated with the counts of conviction…the Government [did] not intend to retry...the unresolved counts if the counts of conviction [were] affirmed on appeal."  (Dkt. No. 607, pg. 4)

On April 7, 2016, defendant filed a response to the Government's motion. (Dkt. No. 619)  He opposed the Government's request to delay a retrial of the Unresolved Counts

2

pending the outcome of the appeal of his counts of conviction. *Id.* Shortly thereafter, defense counsel moved to withdraw from the case and new counsel was appointed. A status conference was held on June 29, 2016, a timeline for Rule 29 and Rule 33 motions was discussed, and dates were set for the filing of post-trial motions.

At a status conference on July 29, 2016, defense counsel indicated that instead of waiting for the resolution of the appeal of the counts of conviction, Eldridge sought to move forward promptly with a trial as to both the Unresolved Counts and the Severed Counts. After some discussion, it was agreed that the Severed Counts should be tried first, since the trial would be shorter and would not necessitate that Eldridge's new counsel review all of the previous trial transcripts. With agreement of the parties, a trial date of January 24, 2017 was selected for the Severed Counts. On August 5, 2016, the parties, including defendant, appeared at a status conference before the Court to discuss the trial of the Severed Counts. At that time, Eldridge indicated, through his attorney, that he no longer wished to move forward with a trial of the Severed Counts on January 24, 2017. Because he did not wish to put his family through two additional trials, Eldridge requested that the Court return to its previously planned course of action, and specifically wait until the resolution of post-trial motions and any appeals to the United States Court of Appeals for the Second Circuit before scheduling a joint trial for both the Unresolved Counts and the Severed Counts. The Government opposed this request and indicated that it wanted to move forward with the trial of the Severed Counts on the date of January 24, 2017.

On October 4, 2016, the Court issued a decision granting both the Government's motion to defer defendant's retrial on the Unresolved Counts of the Indictment and

granting defendant's request to adjourn the trial as to the Severed Counts of the Indictment. (Dkt. No. 677) The Court found that it was in the interest of judicial economy to defer retrial of the Unresolved Counts of the Indictment until the counts of conviction were fully resolved. Indeed, the Government represented that if the counts of conviction were affirmed by the Second Circuit, they would most likely not seek a retrial as to the Unresolved Counts. Thus, the Court concluded that deferring a retrial had the potential to benefit defendant, who may never face potential conviction as to the Unresolved Counts, as well as the Government and the public, by saving the time and expense of another lengthy trial. With respect to the Severed Counts, the Court agreed with defendant that it was illogical to proceed on two different tracks. The Court reasoned that since the Unresolved Counts and the Severed Counts were part of the same Indictment, and since the Government may seek to retry the Unresolved Counts, the interests of judicial economy and conserving Government resources favored combining the trials of the Unresolved Counts and the Severed Counts. The Court likewise noted that if the counts of conviction were affirmed, the Government may elect not to retry either the Unresolved Counts or the Severed Counts. Thus, waiting for a final resolution of the counts of conviction before proceeding as to either the Unresolved Counts or the Severed Counts may save the defendant, the Government, and the Court, the time, energy and expense of an additional trial.

On August 28, 2017, the Court denied defendant's post-trial motion for a judgment of acquittal and new trial. (Dkt. No. 710) Eldridge was later sentenced to a term of imprisonment of 600 months to be served as follows: 240 months as to each of Counts 1, 2, and 6 to be served concurrently with each other and with Counts 3 and 5; 120 months

as to Count 3 to be served concurrently with Counts 1, 2, 5 and 6; 240 months as to Count 5 to be served concurrently with Counts 1, 2, 3, and 6; 60 months as to Count 4 to be served consecutively as to Counts 1, 2, 3, 5, 6, and 7; and 300 months as to Count 7 to be served consecutively as to Counts 1, 2, 3, 4, 5, and 6.  A notice of appeal of Eldridge's conviction was filed with the Second Circuit.  (Dkt. Nos. 792)  A status conference as to the Unresolved Counts and Severed Counts was held on January 25, 2019, at which time it was agreed that the parties would await a decision on the appeal by the Second Circuit before determining how best to proceed.  Additional status conferences were held thereafter, during which time the parties noted that the matter remained pending on appeal.

On November 14, 2019, defendant filed the instant motion to dismiss the Severed Counts on the basis that his right to a speedy trial had been violated.[2]  (Dkt. No. 843)  A status conference regarding the motion was held before the Court on December 11, 2019.  The Government argued that the Court lacked jurisdiction to adjudicate the motion to dismiss based upon Rule 12.1 of the Federal Rules of Appellate Procedure.  The Court requested further briefing on the issue of jurisdiction.  At a follow-up status conference on January 28, 2019, defense counsel indicated to the Court that the motion to dismiss may be premature and requested that the motion be held in abeyance pending further proceedings before the Second Circuit.  Thus, no additional briefing was submitted.

---

[2] The Court notes that defendant alleges both a violation of the Speedy Trial Act and that his constitutional right to a speedy trial has been violated.  Time under the Speedy Trial Act has been consistently excluded by the Court, on the record, throughout the course of this case.  Defendant's motion does not indicate which exclusions of time he contends were improper or on what basis.  During the last status conference in this matter, the Court excluded time, for the reasons stated on the record, pursuant to Sections 3161(h)(7)(A) and 3161(h)(7)(B)(iv) of Title 18 of the United States Code, through September 15, 2020.

The next status conference was held on July 1, 2020.[3] At that time, the Government noted that defendant's appeal of his conviction was argued in early March before the Second Circuit. Defense counsel then indicated that Eldridge is now requesting an immediate trial as to the Unresolved Counts and the Severed Counts. The Government objected. Counsel for the Government represented that should the Second Circuit affirm Eldridge's conviction, the Government would move to dismiss the remaining counts of the Indictment, including both the Severed Counts and the Unresolved Counts. If the conviction was not affirmed, the Government intended to rejoin the Severed Counts and the Unresolved Counts and try them together.

## DISCUSSION

*Request for an Immediate Trial*

The Court finds that setting an immediate trial date as to the remaining counts of the Indictment is not in the interest of defendant, the Government, or the Court. All of the reasons set forth in the Court's October 4, 2016 decision to combine the Severed Counts and Unresolved Counts and defer the trial of these counts until after resolution of defendant's appeal to the Second Circuit remain valid today. Defendant has been convicted and sentenced to approximately 600 months of incarceration. This is not a situation where defendant is detained only because the Severed Counts and Unresolved Counts remain outstanding. At the most recent status conference, the Government represented that should the Second Circuit affirm the conviction, they will move to dismiss all remaining counts in the Indictment, to include both the Severed Counts and the

---

[3] A number of status conferences were scheduled and adjourned prior to the July 1, 2020 conference as a result of the National Emergency Declaration by the President of the United States in response to the outbreak of the COVID-19 global pandemic, local conditions, and the severity of risks posed to participants in Court proceedings and the public.

Unresolved Counts. Thus, in the event that Eldridge's appeal is denied, there will be no further trial in this matter and the case will have concluded. Eldridge's appeal has been briefed and argued before the Second Circuit, and a decision is expected shortly. In the event that the conviction is affirmed, defendant, the Government and the Court will be saved the time, expense and energy of another long trial. Should Eldridge's appeal be granted and the Government decide to proceed to trial as to the Unresolved Counts and the Severed Counts, a trial date will be set at that time.

### *Motion to Dismiss*

The Court further finds that it is premature to render a decision on defendant's motion to dismiss Counts 16 and 17 of the Indictment. The Government has argued that defendant raised violation of his Sixth Amendment right to a speedy trial on appeal, and thus the Court does not have jurisdiction over this claim at the present time. Defendant was given an opportunity to brief this issue. Instead, defense counsel acknowledged that the motion to dismiss may be premature and requested that the motion be held in abeyance pending the outcome of the Second Circuit appeal. Thus, the motion has not yet been fully briefed or argued. The Court also notes that should Eldridge's conviction be affirmed and the Government dismiss the Unresolved Counts and Severed Counts as indicated, the motion to dismiss will be moot. For these reasons, the Court denies, without prejudice, defendant's motion to dismiss Counts 16 and 17 of the Indictment on speedy trial grounds. Should the Government elect to proceed to trial on the Severed Counts, defendant may renew his motion at that time.

## **CONCLUSION**

For the foregoing reasons, defendant Thamud Eldridge's request for an immediate trial date as to the remaining counts of the Indictment is denied, and defendant's motion to dismiss Counts 16 and 17 of the Indictment is denied without prejudice.

**SO ORDERED.**

Dated:   August 3, 2020
         Buffalo, New York

                                           _s/Richard J. Arcara_
                                           HONORABLE RICHARD J. ARCARA
                                           United States District Judge