UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

THAMUD ELDRIDGE,

                Defendant.

**DECISION AND ORDER**
9-CR-329-A

Defendant Thamud Eldridge has filed a *pro se* motion to recuse this Court (Dkt. No. 994). The Government filed a response in opposition (Dkt. No. 996), and Defendant filed an unscheduled "addendum"/reply papers (Dkt. No. 997). For the reasons stated herein, Defendant's motion to recuse is DENIED.

## **BACKGROUND**

Briefly, Defendant is pending resentencing upon a Second Circuit Mandate (Dkt. No. 939), issued April 20, 2023, remanding the case after vacating his jury trial conviction on Count Seven of the operative indictment (possessing and brandishing a firearm in furtherance of a crime of violence)—and otherwise affirming his jury trial conviction on Counts One through Six (RICO; conspiracy to commit RICO; conspiracy to possess with intent to distribute, and to distribute, controlled substances; possession of firearms in furtherance of a drug trafficking crime; kidnapping in aid of racketeering; and Hobbs Act robbery).

The Court reappointed defense counsel, who represented Defendant at his original sentencing, for the resentencing. The resentencing was scheduled for

November 9, 2023.  On November 4, 2023, the Government filed its sentencing submissions and asked the Court to impose a life sentence due to Defendant's purported role in the murders of Sam Jones, Jr. a/k/a Smokey, and Thedrus Laster a/k/a Flap, which the Government argued it proved at trial by a preponderance of the evidence.  The jury hung on original Count Thirteen (charging the murder of Jones in aid of racketeering) and reached a not-guilty verdict on original Count Ten (charging the murder of Laster in aid of racketeering).

Due to the length of the trial transcript and defense counsel's indication that he lacked support staff to formulate a response to the Government's request for a life sentence, the Court adjourned the sentencing and appointed a second defense attorney to assist with the resentencing.  In addition to and in relation to the dispute regarding the two murders, which has now been fully briefed (*see* Dkt. Nos. 958, 961, 990, 993), the parties also disagree on the application of a new amendment to United States Sentencing Commission Guideline § 1B1.3, pertaining to acquitted conduct (*see* Dkt. Nos. 990, 993).

The day before a status conference to schedule oral argument on these unresolved resentencing issues, Defendant filed the instant motion to recuse the Court.  The motion was filed *pro se*, with Defendant's two appointed attorneys indicating they "do not join in [the] motion[.]"  Dkt. No. 994, p. 1.  As the Court recalls, the Government asked for the motion to be stricken from the record, asserting Defendant is not entitled to hybrid representation.  The Court ordered the Government to respond to the motion, noting that it had not decided whether it would consider the motion on the merits.

2

## **DISCUSSION**

"There is certainly a right to appear *pro se*, as well as a right to appointed counsel. Obviously, however, those rights cannot be both exercised at the same time." *Ennis v. LeFevre*, 560 F.2d 1072, 1075 (2d Cir. 1977) (internal citations omitted). In other words, "[a] defendant has…no right to 'hybrid' representation in which he is represented by counsel but supplements his lawyer's work with selected *pro se* submissions." *United States v. Hage*, 74 F.4th 90, 93 (2d Cir. 2023) (citation omitted). "[T]he decision to grant or deny such hybrid representation lies solely within the discretion of the trial court." *United States v. Crozier*, 640 F. App'x 100, 102 (2d Cir. 2016) (summary order) (internal quotation marks and citation omitted). "Absent a compelling reason or a showing that the interests of justice [would be] served by a defendant's supplementation of the legal services provided by his retained counsel, the trial court need not permit hybrid representation." *United States v. Wilburn*, 19-CR-108 (MKB), 2021 U.S. Dist. LEXIS 248199, *6 (E.D.N.Y. Dec. 30, 2021) (internal quotation marks and citations omitted).

The Second Circuit remanded this case for resentencing on all Defendant's remaining counts of conviction, which were affirmed after vacating his conviction on Count Seven. The Court declines to exercise its discretion to consider Defendant's recusal motion, which his assigned attorneys do not join. Defendant has not presented any compelling reason or reason why the interests of justice would be served by permitting him to supplement the legal services provided by his two very experienced and able CJA panel attorneys. Defendant's *pro se* motion is denied on that basis.

Even if the Court were to reach the merits of Defendant's motion, denial would be warranted.  Defendant argues this Court cannot maintain the appearance of partiality with respect to his resentencing because of certain comments and adverse rulings made by the Court during his trial, which he argues cumulatively denied his right to a fair trial.

Defendant's conviction, however, on Counts One through Six was affirmed in all respects on appeal.  See *United States v. Eldridge*, 2 F.4th 27 (2d Cir. 2021); *United States v. Eldridge*, 860 F. App'x 773 (2d Cir. June 22, 2021) (summary order); see also Dkt. No. 939.  In addition, Defendant challenged on direct appeal several of the evidentiary rulings he references in his motion, contentions which were rejected by the Circuit.  See *Eldridge*, 860 F. App'x at 778-79, 784 (rejecting Defendant's allegation of prosecutorial conduct concerning purportedly false and uncorrected testimony by a witness named Jackson, and rejecting Defendant's *pro se* claim that he was deprived of a fair trial because the Court took on the role of the prosecutor during the cross-examination of a witness named Cuyler); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("Almost invariably, [judicial rulings] are proper grounds for appeal, not for recusal."); *United States v. Kendrick*, 10-CR-6096-FPG, 2013 U.S. Dist. LEXIS 107174, *11 (W.D.N.Y. July 31, 2013) ("Adverse judicial rulings in the same or related case may not ordinarily serve as the basis for a motion for recusal.").

As to comments Defendant argues the Court made during his trial, as well as in sentencing related defendant Jeffrey Mills, Defendant's cousin, for obstruction of justice, such comments reflected knowledge acquired by the Court in performing its

4

judicial duties, which "does not constitute grounds for disqualification." *United States v. Coven*, 662 F.2d 162, 168 (2d Cir. 1981). Nor do the Court's remarks "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555; *see United States v. Wedd*, 993 F.3d 104, 115 (2d Cir. 2021) ("Ordinarily, Section 455(a) will not require recusal based on a judge's comments during a proceeding that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases.") (internal quotation marks and citations omitted); *see*, *e.g.*, *Kendrick*, 2013 U.S. Dist. LEXIS 107174, at *13 ("At best, counsel's affidavit sets forth grossly conclusory allegations stating what his client believes to be or have been this Court's mindset and mental machinations or processes involved in arriving at the [adverse] decision…").

## **CONCLUSION**

In the Court's discretion, it will not permit hybrid representation here, and even if it were to, Defendant has not met his "substantial burden" of demonstrating that this Court is "not impartial." *Barnes v. Fedele*, 07-CV-6197L, 2013 U.S. Dist. LEXIS 51779, *2 (W.D.N.Y. Apr. 10, 2013) (internal quotation marks and citations omitted).

For the foregoing reasons, it is ORDERED that Defendant's motion (Dkt. No. 994) to recuse this Court is DENIED in all respects. The Court will not accept further *pro se* motions filed by Defendant.

The parties shall appear, as previously ordered, **on November 22, 2024, at 9:00 a.m.**, for oral argument on the Government's request for a life sentence based

upon Defendant's purported role in two murders, and the applicability of the Sentencing Commission's amendment to Guidelines § 1B1.3.

**SO ORDERED.**

                                                _s/Richard J. Arcara_
                                                HONORABLE RICHARD J. ARCARA
                                                UNITED STATES DISTRICT COURT

Dated:  November 21, 2024
            Buffalo, New York