UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                              Plaintiff,              **DECISION AND ORDER**
         v.                                            9-CR-329-A

THAMUD ELDRIDGE,

                              Defendant.

_____


Pending before the Court are Eldridge's objections (Dkt. No. 955) to the revised presentence investigation report (Dkt. No. 942) filed on May 4, 2023, after the Second Circuit Mandate (Dkt. No. 939) was issued vacating Eldridge's conviction on Count 7 and remanding this case for resentencing on the remaining counts of conviction. Resentencing is now scheduled for June 18, 2026, and the operative report ("PSR") (Dkt. No. 1018) was filed on March 19, 2026. The Government previously filed opposition papers (*see* Dkt. No. 958, pp. 1-3) to Eldridge's objections, and the U.S. Probation Office recommended in an addendum to the PSR (Dkt. No. 1018, pp. 48-51) that the Court deny the objections.

Eldridge first objects to Probation's recommendation to assign him three criminal history points for his December 18, 2006, state conviction for forgery in the second degree. Should the Court agree with this objection, his Criminal History Category ("CHC") would be II instead of the CHC III calculated by Probation. *See* Dkt. No. 1018,

¶¶ 106, 108, 110.  Having now found by a preponderance of the evidence that Eldridge murdered Smokey and that said murder is relevant conduct to Eldridge's conviction for racketeering and racketeering conspiracy (*see* Dkt. No. 1016 [Decision and Order]), the total offense level for Counts 1, 2, 3, 5, and 6 is 43, and the Guidelines range of imprisonment is life regardless of whether his CHC is II or III.  Thus, no ruling is necessary on this objection as it will not impact sentencing in any significant way.  Fed. R. Crim. P. 32(i)(3)(B).[1]

Eldridge's second objection is that the Court should either dismiss his conviction on Count 4—for possession of firearms in furtherance of the drug trafficking crime described in Count 3, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and (2)—or, in the alternative, the Court should decline to run the sentence on Count 4 consecutively to the other counts of conviction.  Eldridge argues that imposing Count 4's sentence consecutively to the sentences imposed for Counts 1, 2, 3, 5, and 6, would subject him to "being twice punished for possession of a single firearm" because the jury did not decide that the weapon underlying Count 4 was different from the weapon underlying Counts 16 and 17.  He further asserts that he received a 2- to 4-year sentence on a conviction under 18 U.S.C. § 922(g)(1) (possession of a firearm by a convicted felon), which was actually "a lesser included offense of a non[-]charged 924(c)," and running the sentence for Count

---

[1] If a ruling was necessary, the Court would reject the objection for the same reasons stated in the addendum to the PSR.

4 consecutively "would be similar to multiple sentences for multiple 924(c) convictions."[2]

Eldridge's objection is without merit, and this Court rejects his motion to dismiss his conviction on Count 4.  The Court incorporates by reference the addendum to the PSR, and its explanation of why this Court should deny the objection, including that "there was ample evidence presented at trial that the defendant possessed firearms on multiple occasions during the course of the conspiracy to support the basis for his conviction on Count 4 beyond a reasonable doubt."  Dkt. No. 1018, p. 51.

Additionally, as the Government argues, "[a] violation of 18 U.S.C. § 924(c) is separate and distinct from a violation of 18 U.S.C. § 922(g)(1)[.]"  Dkt. No. 958, p. 2; *see*, *e.g.*, *Lewis v. United States*, 2025 U.S. Dist. LEXIS 4454, *12 (D. Conn. Jan. 9, 2025) ("Here, [defendant's] convictions under Counts One [charging § 924(c)(1)(A)] and Two [charging § 922(g)(1)], though they both rely on the same act, possession of a firearm, do not violate the Double Jeopardy Clause because each Count required the government to prove elements separate from the other.  Under Count One, the government was required to prove the defendant used a firearm in furtherance of a drug

---

[2] Eldridge's objection is far from a model of clarity.  As the Court and the U.S. Probation Office gather, Eldridge's reference to Counts 15 and 16 is a typo; instead, it is apparent that he intended to refer to Counts 16 and 17, which were severed from the counts Eldridge was tried upon in early 2016 and were dismissed by the Government in July 2021.  Additionally, because Eldridge was not convicted of an offense under § 922(g) in this case, the Court and the U.S. Probation Officer conclude he must be referring to his federal conviction in this District, under Docket Number 6-CR-311, for which he was sentenced to an aggregate of 97 months, following a jury trial conviction of felon in possession of a firearm, possession with intent to distribute cocaine base, and unlawful possession of marijuana.  *See* Dkt. No. 1018, ¶ 107.

trafficking scheme…Under Count Two, by contrast, the government had to prove the defendant's criminal history and his knowledge of the same.").

The Court denies Eldridge's alternative request to run the term of imprisonment on Count Four concurrently to those imposed on the other counts of conviction, as the Court is required by statute to run the term of imprisonment on Count Four consecutively to all other counts. *See* 18 U.S.C. § 924(c)(1)(D)(ii) ("[N]o term of imprisonment imposed on a person under [subsection 924(c)(1)] shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed."); *see also United States v. Lawrence*, 928 F.2d 36, 38 (2d Cir. 1991) (holding that § 924(c)(1) "requires the imposition of a sentence that cannot…be allowed to overlap with any other sentence").

For the reasons stated in the addendum to the PSR as well as the Court's analysis herein, no ruling is required on Eldridge's first objection, and Eldridge's second objection is DENIED. The parties are directed to the Court's previous docket entry (Dkt. No. 1016) setting forth deadlines for the submission of any additional resentencing papers.

**SO ORDERED.**

_s/Richard J. Arcara_
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:   April 21, 2026
         Buffalo, New York

4